In re The ESTATE OF Emanuel WILLNER, Deceased, Harry Willner and The Estate of Emanuel Willner, Appellants.

No. 43223.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1981.

Edward C. Ahlheim, Niedner, Moerschel, Ahlheim, Bodeux & Lockett, Norman C. Steimel, St. Charles, for appellants.

CLEMENS, Senior Judge.

The persons concerned in this ex-parte action: petitioner Harry Willner and his son Phillip Willner, individually and as executor of his deceased brother, Emanuel Willner.

The estate inventory shows—erroneously the parties contend—that Emanuel owned one promissory note and half interest in three other notes. The father challenges the inventory by his motion to determine ownership. He contends that although the notes named his sons as payees, the notes were in fact his property, not the decedent's. The court denied the motion, and the father appeals.

The father testified: all four loans were made from his funds; he had the notes in his possession; he kept them in his personal safety deposit box; later, he put the sons' names on the box; this, so that upon his death, but not until then, the notes would be available to the sons without probate; that he had collected all interest payments on the notes and had paid income taxes on that interest.

Son Phillip testified he had inadvertently inventoried the notes as part of Emanuel's estate; that he was making no claim to the four notes, neither personally nor as Emanuel's executor; he consented to the trial court finding the notes belonged to his father.

At the end of this testimony the court declared: "I have here the unequivocal testimony that he (the father) intended that upon his death that the ownership of the notes—that they (the sons) would have, you know, the ownership. The whole idea was to avoid probate." The court's judgment contradicted this. It ruled instead that the father intended to and had given the notes to his sons; that title to the four challenged notes was in deceased son Emanuel.

The father appeals this judgment. He contends the court based its decision on the erroneous assumption there had been a completed inter vivos gift.

In the case of *In re Estate of Simms*, 423 S.W.2d 758[2] (Mo.1968) the court ruled: "The essentials of a valid gift inter vivos of personal property are a present intention to make a gift on the part of the donor, a delivery of the property by the donor to the donee, and on acceptance by the donee, whose ownership takes effect immediately and absolutely."

Here, the testimony was that Harry Willner did not intend to make a present gift to his sons; instead, one to be effective when he died. He and son Phillip both testified the notes were in fact the father's property. This is borne out by the fact the father reported and paid all income taxes on the interest from the notes.

We hold Harry Willner conditioned the vesting of ownership upon a future event, his death. Compare *Smith v. Smith*, 313 S.W.2d 753[5–7] (Mo.App.1958) and *Reynolds v. Hanson*, 191 S.W. 1030[4, 5] (Mo.App. 1917).

We reverse and remand; we direct the trial court to grant Harry Willner's motion to determine title in him.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.